UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PHYLLIS EVANS                               CIVIL ACTION NO. 05-1517

versus                                      JUDGE HICKS

FAMILY DOLLAR STORE, ET AL.                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Plaintiff filed suit in state court against Family Dollar Store. She alleged that the merchant's employees negligently and maliciously accused her of stealing from the store, and that the employees conveyed their accusation to the Mansfield police department. Petition, ¶ 4. Plaintiff was searched, but no stolen items were found on her person. Paragraph 5. The police then detained Plaintiff for more than an hour. Paragraph 6. All of this, Plaintiff alleges, humiliated and embarrassed her. Paragraph 7.

**Citizenship of Family Dollar**

Family Dollar Store filed a notice of removal based on an assertion of diversity jurisdiction. It alleges that Plaintiff is a citizen of Louisiana and that Family Dollar Stores, Inc. is a "foreign corporation, domiciled in North Carolina" with a principal place of business in North Carolina. Notice of Removal, ¶ 4. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to adequately establish diversity jurisdiction, a

complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988). If Family Dollar wishes to assure the existence of diversity jurisdiction, it should clarify the state in which it was incorporated. Its Notice of Removal suggests that North Carolina is perhaps the state of its incorporation, but the statement that the corporation is "domiciled" in that state is not sufficiently precise to assure diversity.

**Amount in Controversy**

The more significant issue for Family Dollar is the lack of facts indicating that the amount in controversy element of diversity jurisdiction has been satisfied. "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). In a removed case, the removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support

jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Family Dollar's Notice of Removal asserts no facts, beyond those in the petition, that could help satisfy its burden. It does contend that Plaintiff's allegations in paragraphs 8 and 11 of the petition indicate the requisite amount in controversy, but they do not. Paragraph 8 asserts that Plaintiff will be required to employ experts to aid the court and jury and that such expert fees should be taxed as costs. Such fees may be a significant in the state court, but when a tort case is decided in federal court under diversity jurisdiction, Erie principles limit expert witness costs to a $40 daily stipend plus mileage. Cates v. Sears, Roebuck & Co., 928 F.2d 679, 688 (5th Cir. 1991). Furthermore, Section 1332 requires that matter in controversy exceed $75,000 "exclusive of interest and costs."

Paragraph 11 of the petition states that Plaintiff itemizes her damages within five categories, such as mental anguish and emotional distress, defamation, and loss of reputation. No dollar amount is suggested, nor is there any suggestion in the petition or notice of removal that the harms alleged by Plaintiff are any greater than those suffered in the average defamation or false shoplifting accusation case. Preliminary research indicates that awards in such cases are ordinarily well below the $75,000 threshold. See, e.g., Johnson v. Lanoix, 847 So.2d 1283 (La. App. 5th Cir. 2003) (collecting quantum cases). Among those cases is Thomas v. Busby, wherein the court awarded only $25,000 to an attorney who was falsely

accused of shoplifting and suffered extreme embarrassment over a continuing period of time.

**Conclusion**

Family Dollar Stores, Inc. will be permitted until **February 17, 2006** to file an **Amended Notice of Removal** that attempts to clarify its citizenship and state facts sufficient to satisfy its burden with respect to the amount in controversy. Failure to do so may result in a remand, without further notice, for lack of subject matter jurisdiction. If Family Dollar concedes that it cannot establish jurisdiction, it should notify the court in writing.

The court notes that the parties have filed a Joint Case Management Report in which it is stated that neither party challenges the subject matter jurisdiction of the court, but subject matter jurisdiction may not be created in such a fashion. The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). Subject-matter jurisdiction cannot be created by waiver or consent, and federal courts must consider jurisdiction *sua sponte* even if it is not raised by the parties. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir.2001).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 25th day of January, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE