U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL - 5 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

PHYLLIS EVANS

versus

FAMILY DOLLAR STORE, INC.

CIVIL ACTION NO. 05-1517
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Family Dollar Store, Inc. ("Family Dollar"). See Record Document 14. For the reasons set forth below, Family Dollar's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

On or about June 17, 2004, Phyllis Evans ("Evans") was arrested by the Mansfield Police Department pursuant to an arrest warrant issued by the City of Mansfield. The arrest warrant, issued on November 27, 2002, alleged that Evans shoplifted goods from the Family Dollar store located in Mansfield. After her arrest, Evans was taken to the Mansfield Police Department, where she was detained

1

for a period ranging between one and four hours.[1] The record indicates that the charges against Evans were later dismissed.

Evans filed the instant suit alleging that Family Dollar is liable for causing her arrest and detention, including "[n]egligent and recklessly falsely accusing plaintiff of theft at Family Dollar store [sic]; [m]aliciously and recklessly communicating to the public and the Mansfield Police that plaintiff had stolen or committed theft from Family Dollar Store & [f]alse and illegal detain/arrest of plaintiff after illegally searching plaintiff and finding no stolen items on plaintiff's person [sic]." Record Document 1 at 2. Family Dollar removed the suit to this court and then filed a motion for summary judgment. See Record Document 14.

To complicate matters, a deposition conducted by Family Dollar revealed that Evans's original complaint contained inaccurate allegations against Family Dollar.[2] To date, the complaint has not been amended to correct the errors contained therein. Consequently, the exact nature of Evans's claims against Family Dollar is unclear due to the fact that the complaint filed in this case was not personalized to this

---

[1] Evans is unable to recall the exact length of her detention.

[2] Evans's attorney admitted at Evans's deposition that allegations contained in Evans's complaint were "copy print from a previous suit that I filed because it was a mistake." Record Document 18, Exhibit 3 at 31.

plaintiff's claims and Evans's attorney, though cognizant of the erroneous allegations lodged in the complaint, has failed to take any corrective action.

In filing its motion for summary judgment, Family Dollar proceeds under the assumption that Evans asserts claims for defamation and false imprisonment. The court will address the motion before it without determining Evans's specific complaints, for regardless of the exact causes of action Evans intends to pursue, any claim she may have arises from an allegedly tortious act committed by Family Dollar. See Record Document 1.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## B. Prescription Analysis.

In its motion for summary judgment, Family Dollar alleges that Evans's claims, which arise in tort, are subject to a one-year prescription period. Because Evans's arrest, upon which her action is based, occurred more than one year prior to the filing of suit, Family Dollar contends that her claims have prescribed. Louisiana Civil Code article 3492 provides that delictual actions are subject to a liberative prescription period of one year, which begins to run on the day the complained of injury or damage occurred.[3] Therefore, assuming without deciding

---

[3] "Under well-established Erie principles, [federal courts] are required to follow state law in diversity cases." Jesco Constr. Corp. v. NationsBank Corp., 278 F.3d 444, 447 (5th Cir. 2001); see also Hawthorne Land Co. v. Occidental Chem. Corp., 431 F.3d 221, 228 (5th Cir. 2005) and Terrebone Parish Sch. Bd. v. Mobil

4

that Evans has a claim against Family Dollar stemming from her arrest and detention, her prescription period started on the day she was arrested, detained, and released, which was June 17, 2004. See Hampton v. Kroger, 27,073 (La.App. 2 Cir. 6/21/95); 658 So.2d 209; Whitsell v. Rodriguez, 351 F.Supp. 1042, 1044 (E.D.La. 1972). However, Evans did not file her suit in state court until July 29, 2005, more than one year from the date of her arrest and detention.

In opposition, Evans maintains that because shoplifting charges were pending against her until October 11, 2004,[4] prescription did not commence to run until those charges were dismissed. Therefore, she asserts her suit was timely because she filed within one year of the dismissal of her charges. Evans's characterization of Louisiana law is simply unfounded and untenable. Furthermore, her argument is foreclosed by prior Louisiana precedent.

Faced with a claim identical to the one presented here, the Hampton court stated that the Louisiana Supreme Court case of De Bouchel v. Koss Construction Co., 177 La. 841, 149 So. 496 (1933), demonstrates that a "cause of action for false

---

Oil Corp., 310 F.3d 870, 883 (5th Cir. 2002) (both applying Louisiana Civil Code art. 3492 to tort actions).

[4] Family Dollar asserts, based on information obtained from court records, that the actual date of dismissal was March 14, 2005.

5

arrest [arises] on the day [of arrest and release], and that the running of prescription [is] unaffected by the pending shoplifting charges." Hampton, 658 So.2d at 212. Clearly, the dismissal of charges against Evans did not begin a new prescription period, as such an argument would be inconsistent with Civil Code article 3492. Thus, it is apparent that the suit Evans filed on July 29, 2005 was outside of the one-year prescriptive period set forth in article 3492. Because Evans's tort claims stemming from her arrest have prescribed, she cannot survive summary judgment.

### III. CONCLUSION

Based on the foregoing analysis, Family Dollar's motion for summary judgment is **GRANTED**. See Record Document 14. All claims by the plaintiff against the defendant are **DISMISSED WITH PREJUDICE.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this ____ day of July, 2006.

JUDGE TOM STAGG